NEUMAN *v.* FERGUSON.

1. Mortgages—Trusts—Bondholders' Pro Rata Share of Proceeds of Foreclosure Sale.

Record *held*, to justify findings of fact by trial judge in suit for accounting establishing right of holder of trust mortgage bonds payable to bearer to his *pro rata* share of proceeds of amount bid by trustee on foreclosure.

2. Same—Bank President—Trustee—Bonds Payable to Bearer.

Trustee under trust mortgage bond issue who later bid in entire property of corporate mortgagor upon foreclosure sale and bank of which he was also president *held*, chargeable with knowledge of transaction whereby plaintiff became holder of two bonds payable to bearer and for which bank was paid face value and accrued interest on said bonds held by it as security for debts of mortgagor.

3. Same—Estoppel—Transfer of Proceeds of Foreclosure Sale by Trustee.

Trustee who purchased entire property of corporate mortgagor at trust mortgage foreclosure sale for amount of debt owed bank of which he was also president may not work estoppel as a matter of law against holder of two mortgage bonds by transfer of property to bank after commencement of suit for bondholder's *pro rata* portion of proceeds.

4. Same—Title of Holder of Bond Payable to Bearer.

Facts in suit for accounting *held*, not to support contentions that trust mortgage bonds payable to bearer had been rendered nonnegotiable by payment; that they were junior incumbrances to other bonds held by bank as collateral and could not be sold by it and therefore avoid plaintiff's title to said bonds.

5. Principal and Agent—Trust Mortgage Bonds—Estoppel.

Holder of trust mortgage bonds payable to bearer *held*, not estopped by any action of secretary and treasurer of corporate mortgagor who had negotiated their purchase by plaintiff where said officer had not acted as plaintiff's agent thereafter.

6. MORTGAGES—TRUSTS—BONDS—LACHES.
   Holder of trust mortgage bonds payable to bearer was not guilty of laches in asserting his right to payment to trustee where suit was started before trustee was prejudiced by disposal of proceeds of foreclosure sale.

7. SAME—ACCOUNTING BY TRUSTEE TO BONDHOLDERS.
   Trustee under trust mortgage bond issue is bound to account to all bondholders for proceeds of foreclosure sale.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted May 8, 1934. (Docket No. 126, Calendar No. 37,474.) Decided June 4, 1934.

Bill by Henry A. Neuman against R. G. Ferguson, trustee, for an accounting of proceeds of foreclosure sale had under trust mortgage. Decree for plaintiff. Defendant appeals. Affirmed.

*John W. Shine,* for plaintiff.

*F. T. McDonald,* for defendant.

NORTH, J. This is a suit for an accounting. Plaintiff had decree in the circuit court and defendant has appealed.

Plaintiff alleges that he is the holder of two $1,000 bonds issued by the Soo Beverage Company. These bonds, payable to bearer, were part of a $25,000 issue and payment was secured by a trust mortgage payable to defendant Ferguson as trustee. Originally the bonds matured July 1, 1920; but subsequently the due date of plaintiff's bonds was extended to July 1, 1926. Plaintiff's alleged purchase was in January, 1927. At the time of foreclosure the First National Bank of Sault Ste. Marie owned all of the outstanding bonds. In addition to others, it held $13,000 of these bonds (Nos. 1–13) as collateral to indebtedness of the Soo Beverage Company

amounting to approximately $13,000, which indebtedness before receipt of these bonds had been unsecured. Plaintiff claims the bank purchased these bonds, but the trial court did not so hold. The bank was pressing the debtor for payment or at least a reduction of the amount of the indebtedness. Mr. Rheinhart, secretary and treasurer of the debtor company, testified that prior to January 30, 1927, bank officials suggested that he try to find someone who would purchase some of the bonds, evidently so that the proceeds of such sale might be used in reducing the indebtedness to the bank. Plaintiff, a brother-in-law of Rheinhart, alleges that in January, 1927, he purchased at par through Rheinhart two of these bonds, being numbers one and two. Rheinhart paid the bank $2,000, the two bonds (without being marked paid) were delivered to him and in turn delivered to plaintiff who resided in Wausau, Wisconsin. He thereafter continued to hold the bonds. At the time the $2,000 was paid to it, the bank was also paid the further sum of $397, accrued interest to date on the two bonds. This latter amount was paid by the Soo Beverage Company. Mr. Ferguson, the trustee named in the bond mortgage, was also president of the First National Bank of Sault Ste. Marie. There being a default in the bonded indebtedness, Mr. Ferguson, as trustee, instituted foreclosure proceedings. This foreclosure resulted in a sale of the mortgaged property which the circuit judge found was all of the real and personal property of the mortgagor, the total sales price being $20,253.90. This amount was bid by the trustee who later transferred the purchased property to the bank. The trustee did not include in his foreclosure proceedings the two bonds held by plaintiff herein. The mortgagor's indebtedness to the bank with in-

terest and costs was the amount bid on the fore-
closure sale by defendant.  In this suit plaintiff,
claiming that his two bonds should have been in-
cluded with those of the bank in the foreclosure
proceedings, sought and obtained a decree from the
circuit court requiring the trustee to account to
plaintiff for his *pro rata* share of the amount bid
upon foreclosure of the bond mortgage.  This decree
was based upon a finding of the trial judge in ac-
cordance with the claim of the plaintiff as above
outlined.

It is the claim of the defendant that plaintiff did
not purchase the two bonds as alleged, but instead
that the $2,000 paid to defendant by Rheinhart was
in payment of the amount represented by the two
bonds, and that they were thereupon surrendered as
paid bonds to Rheinhart, the secretary and treasurer
of the Soo Beverage Company.  The record before
us contains a somewhat detailed and carefully pre-
pared opinion of the trial judge.  He noted the con-
flict of testimony on "clear cut questions of fact
involved in this case," and after considering the
same concluded that plaintiff had established his
right to the relief sought.  We have carefully re-
viewed the record and find no justification for dis-
turbing the trial judge's findings of fact.

Aside from the factual aspect of the case above
noted, appellant asserts that there are certain legal
grounds, to which we shall allude shortly, upon
which he was and is entitled to a decree dismissing
the bill of complaint.  As bearing upon these con-
tentions of appellant, it should be borne in mind that
the bank of which he is president received and has
retained the $2,000 which plaintiff paid for the two
bonds he holds.  The record is such as justifies the
conclusion that the defendant trustee is chargeable

with the knowledge and conduct of the First National Bank and conversely that the bank is chargeable with the conduct and knowledge of the trustee. It also appears from the record that the quitclaim deed by which the defendant trustee conveyed to the First National Bank the property he purchased at the mortgage foreclosure was "signed, witnessed and acknowledged by the grantors on the 12th day of January, 1931." In the instant case the bill of complaint was filed and summons issued January 5, 1931. Service was obtained January 9th. In view of these and other facts appearing from the testimony, it cannot be held as a matter of law that the transfer of the property by the defendant trustee to the bank of which he was president has worked an estoppel against plaintiff. Nor do the facts in the case as determined by the circuit judge and approved by us justify holding as a matter of law that the bonds purchased by plaintiff were nonnegotiable because they had previously been paid by the obligor and were thereby canceled; or that these bonds represented junior obligations secured by the trust mortgage as against other bonds held by the bank; or that the bonds were held by the bank as collateral, could not be sold by it, and therefore plaintiff had no title to either of the bonds on the basis of which he seeks to recover in the instant suit. Also we are of the opinion that the testimony does not sustain appellant's contention that subsequent to the purchase of the bonds Rheinhart continued to act as plaintiff's agent. Therefore plaintiff is not estopped by any subsequent action or knowledge of Rheinhart from asserting his present claim against defendant herein. Further, so far as appears from this record, defendant was not prejudiced and hence cannot claim estoppel against plaintiff on the ground that he has been guilty of laches in asserting his right

as a bondholder to payment. By foreclosure the defendant trustee obtained all of the mortgaged property. He could have obtained no more if plaintiff had then and there asserted the rights which he is now asserting. Further, as noted above, this suit was instituted against defendant before he disposed of the proceeds of the foreclosure sale. Appellant having acted as trustee in the foreclosure proceedings is bound to account to the respective bondholders.

The merits of the case are quite conclusively disposed of by the following extract from the trial judge's opinion:

"It is undisputed that these bonds were delivered by Mr. Rheinhart to plaintiff Neuman and that plaintiff paid in good faith to the bank, through his agent Rheinhart, their full face value. Neuman certainly acted in good faith and this case would never have been in court if the First National Bank had done what an ordinarily prudent person would have done under the circumstances if the transaction was as they now contend, marked the bonds paid or canceled. It would almost appear that the bank should now be estopped from raising this question. * * * Failure of plaintiff to demand payment of the bonds in no way affected the First National Bank, Soo Beverage Company, or the trustee or receiver. None of them have been injured by the delay. The First National Bank has secured all the property of the Soo Beverage Company, both real and personal. The trustee should account to plaintiff for plaintiff's *pro rata* share of the property sold for $19,920.73 (and accrued costs), on June 2, 1930."

The decree entered in the circuit court is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.